# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 6, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JAMES HODGE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1923V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Ronald Craig Homer, Conway, Homer, PC, Boston, MA, for Petitioner.
Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 21, 2020, James Hodge ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that he suffered Guillain-Barré syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of the influenza ("flu") vaccine he received on December 20, 2019. Petition at Preamble (ECF No. 1). On December 30, 2024, the undersigned issued a Decision Based on Stipulation. Decision Based on Stipulation dated Dec. 30, 2024 (ECF No. 117).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 26, 2025, Petitioner filed an application for attorneys' fees and costs and a statement of Petitioner's personal costs.  Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed June 26, 2025 (ECF No. 122); Petitioner's Statement of Personal Costs ("Pet. Costs"), filed June 26, 2025 (ECF No. 123).  Petitioner requests compensation in the amount of $100,076.43, representing $74,625.30 in attorney's fees and $25,451.13 in costs.  Id. at 1-2.  Petitioner also requests $18.55 in personally incurred costs.  Id. at 2.  Respondent filed his response on July 10, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. App., filed July 10, 2025, at 2 (ECF No. 124).  Petitioner did not file a reply.  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards a total of $100,094.98.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i.      Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Christina Ciampolillo, $380.00 per hour for work performed in 2020 and 2021, $425.00 per hour for work performed in 2022, $470.00 per hour for work performed in 2023, $500.00 per hour for work performed in 2024, and $537.00 per hour for work performed in 2025; for Ms. Meredith Daniels, $350.00 per hour for work performed in 2021, $455.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; for Mr. Ronald Homer, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, $525.00 per hour for work performed in 2024, and $567.00 per hour for work performed in 2025; for Mr. Patrick Kelly, $225.00 per hour for work performed in 2020 and 2021, $250.00 per hour for work performed in 2022, $305.00 per hour for work performed in 2023, $345.00 per hour for work performed in 2024, and $380.00 per hour for work performed in 2025; for Mr. Joseph Pepper, $455.00 per hour for work performed in 2023 and $485.00 per hour for work performed in 2024; and for Ms. Lauren Faga, $385.00 per hour for work performed in 2022 and $425.00 per hour for work performed in 2023.  Petitioner also requests rates between $155.00 and $207.00 for work of his counsel's paralegals performed from 2020 to 2025.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work and reasonable herein.

### ii.     Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award fees in full.

### B.     Attorneys' Costs

Petitioner requests a total of $25,451.13 in attorney's costs. This amount is comprised of the filing fee, acquiring medical records, FedEx and other shipping costs, and expert costs. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

### C.     Petitioner's Costs

Petitioner requests a total of $18.55 in Petitioner's personal costs. This amount is comprised of USPS mailing and stamping costs. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $74,625.30 |
| (Total Reduction from Billing Hours) | -$0.00 |
| **Total Attorneys' Fees Awarded** | **$74,625.30** |
| | |
| Attorneys' Costs Requested | $25,451.13 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$25,451.13** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$100,076.43** |
| | |
| Petitioner's Costs Requested | $18.55 |
| (Reduction of Costs) | -$0.00 |
| **Total Petitioner's Costs** | **$18.55** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $100,094.98 (representing $100,076.43 for Petitioner's attorneys' fees and costs and $18.55 for Petitioner's personally incurred costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.


**IT IS SO ORDERED.**

<div style="text-align: right;">
<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master
</div>